FILED

MAR 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT L. ROSE, | No. 10-35048 |
| Plaintiff - Appellant, | D.C. No. 6:09-cv-00043-DWM-RKS |
| v. | |
| STATE OF MONTANA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Robert L. Rose, a Montana state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison

officials violated his constitutional right to access the courts. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

to state a claim under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Rose's access-to-courts claims because either they pertained to state law tort causes of action, or Rose failed to allege facts showing how defendants' acts hindered his efforts to pursue challenges to his criminal conviction or prison conditions. *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1996) (the right to access the courts is limited to cases in which prisoners challenge their convictions or prison conditions); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009) (to state an access-to-courts claim, "an inmate must show that official acts or omissions hindered his efforts to pursue a [non-frivolous] legal claim" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing the complaint without leave to amend because the defects of Rose's complaint are not curable. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (a district court need not grant leave to amend if the defects of the complaint cannot be cured).

Rose's remaining contentions, including those concerning a preliminary injunction, are unpersuasive.

**AFFIRMED.**

10-35048